### IN THE MATTER OF ESTATE OF JOSEPH P. CLOUD.

1. INSUFFICIENCY OF DURATION OF PUBLICATION.

Where the record shows affirmatively that the law in regard to service by publication under sec. 6196, Rev. Stat., has not been complied with, the order of the court being to publish five weeks instead of six, all proceedings under the same are void, and may be set aside and vacated, on motion of an interested party, even though the proceedings are in rem.

2. MOTION TO VACATE ORDER LIES, IF PUBLISHED LESS THAN 30 DAYS.

Under section 6195, Rev. Stat., the account of an executor must be filed 30 days before an order of distribution can be made by the probate court, and all parties interested can be brought before it for the purpose of determining who shall share in such distribution.

Error to the Court of Common Pleas of Hamilton County.

Joseph P. Cloud died in 1872, leaving a last will and testament by which he bequeathed to his widow Martha A. Cloud real and personal property, on which he placed a value of $27,000.00, and devised to his two children William and Ellen Cloud the residue of his property of every kind to be equally divided between their heirs, etc., and authorized his executor, William F. Converse to sell real estate and convert the same into money as soon as practicable and divide the proceeds as stated, after paying costs of administration. Converse, as such executor, having a large sum of money and other property in his possession, and the children named not having appeared and claimed the same, Charles Simonson, who, prior to the death of Cloud and then was acting as guardian of Martha A. Cloud, his widow, an imbecile, filed in the probate court of Hamilton county, Ohio, June 27, 1877, a petition stating that Mrs. Cloud was "the widow and only heir of Joseph P. Cloud deceased;" that the estate was ready for distribution, and although certain portions of the estate were devised to the children named "that there were no such persons, nor any heirs or devisees of such persons," and praying that after the payment of the debts of the estate, the same should be found to belong to Mrs. Cloud, and distributed accordingly.

The probate court the same day ordered the executor to advertise five weeks in the Cincinnati Daily Enquirer, directing said William and Ellen Cloud, their unknown heirs, etc., to appear on or before August 18,1877, and show what claim they might have to any part of said estate. Publication was made as ordered, and approved by the court August 28, 1877, the court specifically finding that five weeks publication had been made, and on the same day the court found that there were no such persons as William and Ellen Cloud, and no heirs, or representatives of them, and after paying debts and costs of administration, the executor should pay and distribute to Martha A. Cloud or her guardian, she being the heir at law and entitled to the same, and directed that said executor file an account showing the money and assets in his hands.

On September 22, 1877, the executor filed the account ordered, showing $25,737.18, cash, notes and other property in his possession.

On November 22, 1877, the court found that in pursuance of the order of August 28, 1877, said executor had filed his account, paid and distributed all that part of the estate ·devised to William and Ellen Cloud, to Simonson as the guardian of Mrs. Cloud, confirmed the same, and ordered that Converse be "released" from any further duty in the premises.

The said named children of Cloud were alive at the time of his death and when this distribution was made, and on September 17, 1886, they made a motion to vacate and set ·aside the settlements and orders of distribution and all proceedings on which the same were predicated, for the reasons: First—They were made without their knowledge and consent. Second—The court was without jurisdiction to entertain said proceedings and make said orders, and that the same were void; and Third—That the estate was not distributed according to the will of Cloud, and belonged to them, and not to Mrs. Cloud. (See 20 Bull., 181, where children's identity was established.)

This motion was overruled in the probate court, but on error the common pleas court ·granted and the lower court reversed, and on proceedings in error in this court the judgment of the common pleas was affirmed, and has now become final.

Among the reversal points raised in behalf of the children of Cloud as showing said proceedings to be void, was that under Rev. Stat., sec. 6196, six weeks publication was necessary to jurisdiction, and only five weeks were given, and under sec. 6195, thirty days must elapse after the filing of an account before proceedings to enforce distribution could be had and before the parties could be brought before the court under sec. 6198, while ·opposing counsel claimed the proceeding was in rem, and defect in the notice would not affect their right to the money and property distributed, and that the motion to vacate was not the proper remedy.

SWING, J.

We think the judgment of the court of common pleas should be affirmed.

In the first place, the probate court has no jurisdiction of the parties. The notice by publication was not in accordance with the statute; there should have been six instead of five weeks' notice.

The fact that the court finds that proper notice was given should not be taken as true, when the record discloses the fact to be that no legal notice was given.

In the second place, the court had no jurisdiction of the subject-matter. Section 6198, under which it is claimed the court had jurisdiction in this action, is not an independent section, but depends on sec. 6195, and no settlement and order of distribution had been made as required by said section. This was necessary before the court could proceed under sec. 6198.

The court not having jurisdiction of either the persons or the subject-matter of the action, its proceedings were void.

A motion was the proper remedy. The judgment of the court could not affect the rights of the parties, but it was a cloud on the rights of the parties and blot on the journal of the court, and it became the duty of the court, when called to its attention, to remove it.

Milton Sater, attorney for the children of Cloud.

Judson Harmon, and P. W. France, for guardian of Mrs. Cloud.